UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HSN LP (a Delaware corporation),

    Plaintiff,

v.                                                     Case No.:8:08-cv-751-T-24-EAJ

HOME SHOPPING CHANNEL
NETWORK, INC. (a Delaware corporation),
and GLENN DAVIS (an individual),

    Defendants.
_____/

## DEFAULT JUDGMENT

        This action having been commenced on April 17, 2008, by plaintiff HSN LP's ("Plaintiff") filing of the Summons and Complaint; and copies of the Summons and Complaint having been served on defendants Home Shopping Channel Network, Inc. ("HSCN") and Glenn Davis (collectively "Defendants") on April 18, 2008 by personal service; and affidavits of service having been filed with this Court on April 22, 2008 and April 24, 2008; and Defendants not having answered or otherwise responded to the Complaint; and the time for such response having expired; and the Clerk having entered a default on May 22, 2008; and the Court having reviewed all the pleadings and papers on file in this action,

        Now, on application of Plaintiff,

        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that a final Default Judgment in favor of Plaintiff and against Defendants is hereby granted and ordered entered as follows:

1.     That this Court has jurisdiction over the subject matter hereof and over the parties hereto.

2.     That Plaintiff is the owner of all right, title and interest in and to United States Trademark Registration Nos. 1,482,734; and 2,478,125 for HSN and HSN & Design as well as United States

1

Trademark Registration Nos. 2,009,383 and 2,538,723 for HOME SHOPPING NETWORK, and each of the underlying trademarks (the "HSN/HOME SHOPPING NETWORK Registrations").

3. The Plaintiff is the owner of common law rights relating to the name HOME SHOPPING NETWORK and HOME SHOPPING CHANNEL. The common law rights, coupled with those rights reflected by the HSN/HOME SHOPPING NETWORK Registrations, shall comprise and collectively be referred to as the "HSN/HOME SHOPPING NETWORK Marks."

4. That Defendants have, without authorization from Plaintiff, (a) infringed Plaintiff's trademark rights in and to the HSN/HOME SHOPPING NETWORK Marks; (b) engaged in acts constituting false designation of origin with respect to the HSN/HOME SHOPPING NETWORK Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) engaged in acts constituting trademark infringement, unfair competition, false advertising, and misappropriation with respect to the HSN/HOME SHOPPING NETWORK Marks under common law; (d) engaged in acts constituting a violation of Florida Deceptive and Unfair Trade Practices Act, § 501.211 of the Florida Statute with respect to the HSN/HOME SHOPPING NETWORK Marks; and (e) engaged in acts constituting a violation of Florida unfair competition common law with respect to the HSN/HOME SHOPPING NETWORK Marks.

5. That Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation and goodwill accumulated in the HSN/HOME SHOPPING NETWORK Marks unless Defendants are restrained by this Court.

6. A permanent injunction is hereby entered against Defendants and each of their officers, agents, servants, employees and attorneys, and those persons acting in concert or participation with them, who receive actual notice of this Order by personal service or otherwise:

A.      Restraining Defendants from using the HSN, HOME SHOPPING NETWORK, HOME SHOPPING CHANNEL, and/or HOME SHOPPING CHANNEL NETWORK (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, and whether used in caption, text, orally or otherwise) or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of HSN, HOME SHOPPING NETWORK, HOME SHOPPING CHANNEL, and/or HOME SHOPPING CHANNEL NETWORK as a trade name, trademark or service mark, brand name, company name, business or commercial designation, or as the name of any product or service, including without limitation as a domain name, or in metatags or other Internet uses, or in any manner that suggests in any way that Defendants and/or their products, services, or activities originate from, are affiliated, connected or associated with, or are sponsored, endorsed or approved by, Plaintiff, or that Plaintiff and/or its products, services, or activities originate from, are affiliated, connected or associated with, or are sponsored, endorsed or approved by, Defendants;

B.      Restraining and enjoining Defendants from using any other mark, term, slogan, tag line or phrase which suggests or tends to suggest in any way that Defendants and/or their products, activities, or services originate from, are affiliated, connected or associated with, or are sponsored, endorsed, or approved by, Plaintiff, or that Plaintiff or its products, services, or activities originate from, are affiliated, connected or associated with, or are sponsored, endorsed, or approved by, Defendants;

C.      Restraining and enjoining Defendants from using in connection with any goods or services, any false or misleading designation, description or representation, whether by words or symbols,

which suggests or implies any relationship with Plaintiff, or gives Defendants an unfair competitive advantage in the marketplace, or constitutes false advertising;

D.   Restraining and enjoining Defendants from violating Florida Deceptive and Unfair Trade Practices Act, § 501.211 of the Florida Statute;

E.   Restraining and enjoining Defendant from engaging in any acts of common law trademark infringement, unfair competition or misappropriation which would damage or injure Plaintiff;

F.   Restraining and enjoining Defendants from inducing, encouraging, instigating, aiding, abetting or contributing to any of the aforesaid acts or any third-party usage of HSN, HOME SHOPPING NETWORK, HOME SHOPPING CHANNEL, and/or HOME SHOPPING CHANNEL NETWORK in connection with Defendants' business.

7.   Plaintiff has the right to take post-judgment discovery of Defendants, any predecessor or successor corporation or entity; any parent, subsidiary or affiliated company; and any attorney, officer, director, agent, representative or employee of Defendants, including Women's Shopping Television, Inc. and any relevant third parties, including without limitation Washington Mutual Bank FA, Boca Raton, FL (and any other locations of said bank's operations), Dennis Swerdlen, Paul Saccamanno, the owners and managing agents of any and all real estate that Defendants have rented or otherwise conducted business out of, including without limitation the property located at 2501 E. Commercial Boulevard, Fort Lauderdale, FL, and 4801 S. University Dr. Suite 219, Davie, FL 33328. All aforesaid parties must make themselves available and submit to such discovery.

8. Defendants are ordered to provide HSN a searchable electronic list of all persons, companies, entities, etc. they contacted as HSCN, how they contacted the persons, companies, entites, etc. on the list, when the contact was made, and the substance of the contact within 10 days of being served with this order. Defendants are further ordered to contact each person, company, entity, etc. that they previously contacted as HSCN with the statement attached as Exhibit A to this order.

9. Defendants are ordered to contact each person, company, entity, etc. that they entered into a contract with as, or on behalf of, HSCN with the statement attached as Exhibit B to this order and serve Counsel with a copy of each notice within 10 days of being served with this order.

10. Defendants are further ordered to immediately provide Plaintiff's counsel with their full contact information including any and all physical locations of Defendants and each office, director, and employee thereof, and complete telephone numbers and email addresses. Defendants are further ordered to not change such contact information for one year from the date of this Order without providing Plaintiff at least 10 days prior written notice thereof, along with all new contact information.

11. In accordance with 15 U.S.C. §1118, all materials, packaging, labels, tags, pamphlets, brochures, signs, sales literature, stationery, advertisements, contracts, billboards, banners, posters, documents and the like bearing HSN, HOME SHOPPING NETWORK, HOME SHOPPING CHANNEL, and/or HOME SHOPPING CHANNEL NETWORK in the possession or under the control of Defendants, and all plates, molds, matrices, negatives, masters and other

means of making the same, which might, if used, violate this Order herein granted, shall be destroyed.

12. In accordance with 15 U.S.C. §1116, Defendants shall file with the Court and serve on counsel for Plaintiff within sixty days after service on Defendants, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with this Order.

13. Defendants are hereby ordered to cancel or abandon any and all registrations or applications to register any trademarks, trade names, service marks, telephone listing, domain names, or other use of HSN, HOME SHOPPING NETWORK, HOME SHOPPING CHANNEL, and/or HOME SHOPPING CHANNEL NETWORK or any colorable imitation thereof.

14. Plaintiff is hereby awarded Defendants' profits or other advantages and Plaintiff's damages resulting from Defendants' unlawful acts set forth herein, in an amount of $87,500, together with legal interest from the date of accrual thereof.

15. Plaintiff is hereby awarded treble damages, in an amount of $175,000 (calculated as two times $87,500 for a total damage award of $262,500), pursuant to 15 U.S.C. §1117.

16. Plaintiff is hereby awarded its attorneys' fees and disbursements incurred by Plaintiff in this action.

17. Plaintiff is hereby awarded its costs accrued in this action.

18. Plaintiff is hereby awarded such other and further relief as the Court deems equitable and proper.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of July, 2008.

                                              SUSAN C. BUCKLEW
                                              United States District Judge

Copies to:

All Parties & Counsel of Record

7

# EXHIBIT A

9

  This communication is being sent to you pursuant to a Court order.  You and/or your company were previously contacted by Home Shopping Channel Network, Inc. d/b/a HSCN in connection with certain video production services.  This communication is to inform you that HSCN is not, and never was, affiliated with, sponsored by, or had any connection whatsoever with, HSN LP d/b/a Home Shopping Network.

  HSCN has been renamed Women's Shopping Television Inc.

# EXHIBIT B

This communication is being sent to you pursuant to a court order. You are being contacted today in connection with the contract you and/or your company entered into with Home Shopping Channel Network, Inc. d/b/a HSCN in connection with certain video production services. This communication is to inform you that HSCN is not, and never was, affiliated with, sponsored by, or had any connection whatsoever with, HSN LP d/b/a Home Shopping Network.

HSCN has been renamed Women's Shopping Television Inc.